USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAY 17 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Securities and Exchange Commission,

          Plaintiff,

–v–

William J. Wells & Promitor Capital Management LLC,

          Defendants.

15-cv-7738 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On October 1, 2015, the Securities and Exchange Commission ("SEC") filed a complaint alleging that Defendants William J. Wells & Promitor Capital Management LLC defrauded at least thirty investors out of approximately $1.1 million. Dkt No. 1. Among other things, the SEC alleged that Defendant Wells fraudulently held himself out to be a registered investment adviser when he was not, sought investments for accounts that did not exist, and engaged in a Ponzi-like scheme that used later investors' funds to repay earlier investors. The complaint alleged violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") (and Rule 10b-5 thereunder), and Sections 206(1)-(4) of the Investor Advisers Act of 1940 ("Advisers Act"). A parallel criminal proceeding against Defendant Wells resulted in a guilty plea. *See United States v. Wells*, 15-cr-885 (KMW) (S.D.N.Y.). Defendant Wells was sentenced to forty-six months' imprisonment and three years' supervised release. Wells was ordered to forfeit $554,791 and pay $1,076,367.98 in restitution.

1

On May 5, 2017, the Court received a proposed final consent judgment and a letter from the SEC urging the Court to adopt the judgment. The essential terms of the proposed consent judgment (1) order the Defendants to disgorge $660,427.62, to be deemed satisfied by the restitution and forfeiture orders entered against Wells in the parallel criminal case and (2) enjoin the Defendants from future violations of the federal securities laws charged in the complaint.

The Court has a duty to ensure the proposed consent judgment is "fair and reasonable." *SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 294 (2d Cir. 2014) ("[T]he proper standard for reviewing a proposed consent judgment involving an enforcement agency requires that the district court determine whether the proposed consent decree is fair and reasonable, with the additional requirement that the public interest would not be disserved." (citation and quotation marks omitted)); *see also Kozlowski v. Coughlin*, 871 F.2d 241, 244 (2d Cir. 1989) (noting that "[b]efore entering a consent judgment," the district court must determine, *inter alia*, that the decree "furthers the objectives of the law upon which the complaint was based" (alteration, quotation marks, and citation omitted)); *Janus Films, Inc. v. Miller*, 801 F.2d 578, 582 (2d Cir. 1986) (noting that a court must make a "minimal determination of whether the agreement is appropriate" before entering a consent order). On May 9, 2017, the Court ordered the parties to provide a joint letter explaining why the Court should approve the proposed judgment. Dkt No. 39. The SEC filed a response on May 11, 2017 urging adoption of the proposed judgment. Dkt No. 40.

The Court finds the proposed judgment meets the standard set forth in *Citigroup*, 752 F.3d 285. The proposed consent judgment requires Defendants to disgorge the net proceeds of their fraud. *See SEC v. Illarramendi*, No. 3:11-cv-78 (JBA), 2017 WL 1393038, at *11 (D. Conn. Apr. 13, 2017) (noting the power of district courts "to impose disgorgement of proceeds

2

received in connection with violations of the securities laws"). This provision, in combination with the monetary relief ordered in the parallel criminal case, both deprive the Defendants of their ill-gotten gains and provide additional deterrence of future violations. *See Illarramendi*, 2017 WL 1393038, at *11; *see also SEC v. Hughes Capital Corp.*, 124 F.3d 449, 455 (3d Cir. 1997). Additionally, the proposed consent judgment provides permanent injunctive relief against future violations of securities laws. Such a provision is not designed "to penalize Defendant," but rather "to protect the public by giving Defendant an added incentive to conduct himself in accordance with the securities laws" because "violating the injunction would subject him to the court's contempt power." *SEC v. Kokesh*, 834 F.3d 1158, 1162 (10th Cir. 2016). The Court finds this settlement, which includes provisions aimed at disgorging ill-gotten gains, providing deterrence, and providing an incentive to comply with securities law in the future, "fair and reasonable," especially when considered in conjunction with the judgment in the parallel criminal case.

For these reasons and the reasons outlined in the SEC's letter urging the approval of the settlement, the parties' joint request that the Court approve and enter the proposed consent order is granted. The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated: May 17, 2017
New York, New York

ALISON J. NATHAN
United States District Judge

3